UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

                                  Case No. 07-20639-BC

v.

                                Honorable Thomas L. Ludington

KENNETH EARL HAYNES,

    Defendant.
_____/

**AMENDED CORRECTED ORDER DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME**

Now before the Court is Defendant Kenneth Haynes' motion for extension of time to file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 64. Section 2255 motions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The limitations period generally runs from the date on which the judgment of conviction becomes final. Here, Defendant filed a direct appeal to the United States Court of Appeals for the Sixth Circuit, but there is no evidence that he filed a petition for writ of certiorari with the United States Supreme Court. When a defendant pursues a direct appeal but does not petition the United States Supreme Court for certiorari, his judgment becomes final when the time expires for filing a petition for certiorari. *Clay v. United States*, 537 U.S. 522, 532 (2003). A petition for a writ of certiorari to review a judgment is timely when it is filed within 90 days after entry of the judgment. Rule 13 Supreme Court Rules. Rule 13 specifies that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]" In this case, the United States Court of Appeals issued its order denying Defendant's petition for en banc rehearing on April 5, 2011. Defendant's time to file a petition for

a writ of certiorari thus expired on July 4, 2011, and his judgment of conviction became final on that date.

The Court is without jurisdiction to extend the one-year statute of limitations. *Starnes v. United States*, 18 F. App'x 288, 294 (6th Cir. 2001); *accord Small v. Warden*, 2011 U.S. Dist. LEXIS 129226, at *1-2 (S.D. Ohio Oct. 23, 2009); *see also United States v. Forbes*, 2010 U.S. Dist. LEXIS 12755, at *1-2 (D.R.I. Feb. 4, 2010).

Accordingly, Defendant's motion for an extension of time (ECF No. 64) is **DENIED**. Defendant, however, is advised that if he files his § 2255 petition after the one-year limitations period has expired, he may argue why equitable tolling should apply in this case, as the doctrine of equitable tolling applies to the one-year statute of limitations in 28 U.S.C. § 2255(f). *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir.2001) (overruled on other grounds). The standard form to file a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 will be included with service of this motion on Defendant.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: April 3, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and on Kenneth Haynes, #41874039, USP Lewisburg, P.O. Box 2000, Lewisburg, PA 19837 by first class U.S. mail on April 3, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS